IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

FILED
2010 AUG 12 DB
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN.

| | |
|---|---|
| DAVID COATS AND TAMMY COATS, ) | CIVIL ACTION NO. _____ |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| NASHVILLE LIMO BUS, LLC., and ) | COLLECTIVE ACTION |
| JAN MILES, Individually, and ) | |
| HOWARD PULLEY, Individually, and ) | |
| TRACY McMURTRY, Individually, ) | |
| ) | JURY DEMAND |
| Defendants. ) | |
| ) | |

## COMPLAINT

Come now Plaintiffs, David Coats and Tammy Coats, individually and on behalf of all similarly situated individuals, respectfully allege for their cause of action against Defendants Nashville Limo Bus, Inc., Jan Miles, individually, Howard Pulley, individually, and Tracy McMurtry, individually, as follows:

### PARTIES

1. Plaintiffs David Coats and Tammy Coats are residents of the State of Tennessee residing in Lebanon, Wilson County, Tennessee.

2. Defendant Nashville Limo Bus, LLC. ("Nashville Limo") is a Tennessee limited liability company with its principal office located at 3819 Dickerson Road, Nashville, Tennessee 37207. Nashville Limo Bus may be served through its registered agent for service of process, Tracy McMurtry, also at 3819 Dickerson Road, Nashville, TN 37207.

3. Jan Miles is a resident of the state of Tennessee and can be served at Nashville Limo's principal location at 3819 Dickerson Road, Nashville, TN 37207.

4. Howard Pulley is a resident of the state of Tennessee and can be served at Nashville Limo's principal location at 3819 Dickerson Road, Nashville, TN 37207

5. Tracy McMurtry is a resident of the state of Tennessee and can be served at Nashville Limo's principal location at 3819 Dickerson Road, Nashville, TN 37207.

## JURISDICTION AND VENUE

6. This Honorable Court has original jurisdiction pursuant to 28 U.S.C. §1331.

7. Venue is proper under 28 U.S.C. §1391(b).

## FACTS

8. Defendant Nashville Limo is a company which engages in the business of transporting automobiles for car dealerships and automobile wholesalers.

9. Defendants Jan Miles, Howard Pulley and Tracy McMurtry are all co-owners of the Defendant Nashville Limo. Jan Miles and Howard Pulley both own a twenty-five percent (25%) interest in Nashville Limo, with Tracy McMurtry owning the remaining fifty-percent (50%) interest. Further, Defendants Miles, Pulley and McMurtry conduct their business at the Defendant Nashville Limo's principal office located in Nashville, Tennessee.

10. Plaintiffs David and Tammy Coats are husband and wife. Both were formerly employed as drivers for Defendant in connection with its automobile transport business.

11. Defendant treats its drivers, such as Plaintiffs and all similarly situated persons, as independent contractors, rather than employees. Drivers, including Plaintiffs and all similarly situated persons, are issued 1099 tax forms and are not paid by the hour.

12. Because Defendant treats its drivers as independent contractors rather than employees, it does not withhold certain income taxes as required by FICA (Federal Insurance Contributions Act).

13. Pursuant to FICA, an employer and employee are to pay equal amounts of the 15.3% FICA tax (12.4% to Social Security, 2.9 % to Medicare). Independent contractors must pay the entire FICA tax. Thus, by designating its drivers as independent contractors rather than employees, Nashville Limo is able to shift the employer FICA tax burden from itself to its drivers, such as Plaintiffs and those similarly situated.

14. Despite of the independent contractor label, the drivers for Nashville Limo are in fact employees. Nashville Limo controls the time and location of the work, controls the manner in which the driving services are completed, supplies the tools and equipment needed by the drivers to complete their jobs, sets the drivers' schedules and maintains its right to terminate the drivers.

15. Plaintiffs, individually and all others similarly situated, worked up to and/or in excess of forty (40) hours per week.

16. In 2009, Plaintiff David Coats submitted an SS-8 form to the Internal Revenue Service ("IRS") for a determination of whether he was properly classified as an independent contractor. The purpose of submitting the form was to determine whether Nashville Limo was responsible for the employer portion of FICA tax payments.

17. Ultimately, the IRS determined that David Coats was an employee of Nashville Limo rather than an independent contractor. Therefore, Nashville Limo should

have been paying the IRS half of the FICA tax. Upon information and belief, Nashville Limo was notified of the determination.

18. In November, 2009, management at Nashville Limo, specifically Jan Miles, questioned Mr. Coats and asked if Mr. Coats had any tax problems. During that conversation Mr. Coats told Miles that he had submitted an SS-8 form to the IRS and that the IRS determined that the drivers were employees rather than independent contractors.

19. In response, Miles told Mr. Coats that they would shut the business down before Nashville Limo would pay their employees by the hour.

20. Mr. Coats informed Defendant's management that he did not want to see people lose their jobs and asked if he was going to get fired for seeking a determination from the IRS regarding whether he was an employee or independent contractor.

21. Miles told Plaintiff that he would not be fired or let go.

22. The next day, on or about November 17, 2009, Defendant's management, specifically Howard Pulley, telephoned Plaintiff David Coats and told Mr. Coats that he was not needed for work that day. Later that week Mr. Coats telephoned Nashville Limo regarding his schedule and was again informed that Nashville Limo did not need him for work.

23. Plaintiff David Coats has not been called to return to work by Nashville Limo since it learned Mr. Coats sought and obtained a determination from the IRS that he was an employee rather than an independent contractor for tax purposes.

24. Plaintiff Tammy Coats continued to work as a driver for Nashville Limo until February of 2010.

25. Because of the circumstances surrounding Plaintiff David Coats' termination, Plaintiffs consulted with an attorney and investigated whether Defendants had wrongfully

terminated Mr. Coats or was otherwise inappropriately treating its drivers. Upon information and belief, management and ownership of Nashville Limo learned that Plaintiffs were considering legal action.

26. Plaintiff Tammy Coats tried to directly contact Howard Pulley and Tracy McMurtree, members of Defendant's management and co-owners, to obtain her further assignments. By failing to respond to Mrs. Coats' requests for assignments since April 8, 2010, the Defendants had constructively terminated Tammy Coats.

27. In addition to other claims, this is a collective action brought pursuant to the Fair Labor Standards Act (the "FLSA") and specifically, 29 U.S.C. § 216(b) thereof, which authorizes a collective action to remedy violations of the wage provisions of the FLSA. Nashville Limo violated the FLSA when they failed to pay the Plaintiffs and other similarly situated persons their correct wage amount and overtime earned.

28. The named Plaintiffs herein, and all similarly situated individuals who subsequently file Consent Forms to become party Plaintiffs to this litigation, are "employees" within the meaning of 29 U.S.C § 203(e).

29. At all times material to this action, Defendant was and/or is the "employer" of the named Plaintiffs, as well as those persons who may file Consent Forms to become party Plaintiffs, as defined by 29 U.S.C. § 203(b).

30. Defendant has engaged in a widespread pattern and practice of violating the provisions of the FLSA by failing to designate their drivers, such as the Plaintiffs and all others similarly situated, as employees rather than as independent contractors, thereby failing to pay the employer FICA tax as required by the IRS and failing to pay the appropriate wage amount and earned overtime.

31. Defendant routinely withheld from Plaintiffs and similarly situated persons the relevant and necessary information which would advise each and every potential Plaintiff of their entitlement to have half of the FICA tax paid by Defendant employer and their right to certain wages and earned overtime. Plaintiffs, individually, as well as all others similarly situated, relied upon these representations and/or misrepresentations made by Defendant.

32. Defendant's actions in failing to properly compensate Plaintiffs, individually and on behalf of all others similarly situated, constituted a willful violation of the FLSA.

## **CAUSES OF ACTION**

### COUNT I – FAIR LABOR STANDARDS ACT

33. Defendants violated the Federal Fair Labor Standards Act, 29 U.S.C. § 215(a)(3), when it discharged Plaintiffs because the Plaintiffs had filed a complaint with the IRS regarding unpaid FICA taxes on the part of the employer, and when it failed to pay the Plaintiffs their appropriate wages and overtime.

34. Jan Miles, Howard Pulley and Tracy McMurtry, as individuals, violated the FLSA and are liable to the Plaintiffs because they sufficiently controlled the corporate operations with respect to the Plaintiffs. Further, Jan Miles, Howard Pulley and Tracy McMurtry were directly involved in both the failure to pay the Plaintiffs their correct wages and earned overtime and in the retaliatory discharge of both Plaintiffs.

35. The Plaintiffs were employees of the Nashville Limo, not only because the Nashville Limo controlled the time and location of the work, controlled the manner in which the driving services are completed, supplied the tools and equipment needed by the drivers to complete their jobs, set the drivers' schedules and maintained its right to terminate

the drivers, but also because the Plaintiffs were economically dependent on the Nashville Limo's business as the primary source of their annual income.

36. Plaintiffs, as individual employees, are covered under the FLSA because they engaged in "Commerce" as defined in 29 U.S.C. § 203(b). Specifically, Defendant's business actions involve the transportation of motor vehicles from outside the state of Tennessee to within the state of Tennessee's border and then transported outside the state of Tennessee once more. Consequently, Plaintiff's activities as employees are directly related to interstate commerce or are so closely related to the movement of the commerce as to be a part of it.

37. Nashville Limo is covered under the terms of FLSA because it is an "Enterprise engaged in commerce or in the production of goods for commerce" as defined in 29 U.S.C. § 203(s)(1)(A). Defendant has two (2) or more employees engaged in commerce, who handle, sell, or otherwise work on goods or materials that have been moved in or produced for commerce by any person. Further, Defendant's annual gross volume of the business is not less than Five Hundred Thousand Dollars ($500,000.00).

38. As a result of the willful violations of the FLSA by Defendants, the named, represented Plaintiffs, as well as those who subsequently file Consent Forms to become party Plaintiffs to this litigation, are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid overtime wages, liquidated damages, attorney fees and pre-judgment interest, as set forth in 29 U.S.C. § 216(b).

## COUNT II - TENNESSEE WHISTLEBLOWER ACT, T.C.A. 50-1-304

39. Plaintiffs were terminated in violation of the Tennessee Whistleblower Act, T.C.A. § 50-1-304(b), which prohibits any employee from being discharged or terminated solely for refusing to participate in, or for refusing to remain silent about, illegal activities.

40. Plaintiffs were employees of Nashville Limo.

41. Plaintiffs refused to participate in, or to remain silent about, illegal activities on behalf of Defendants.

42. Nashville Limo discharged Plaintiffs.

43. Plaintiffs were discharged solely because they refused to participate in or remain silent about illegal activity.

44. Per T.C.A. § 50-1-304(d)(1), Nashville Limo is liable to Plaintiffs for retaliatory discharge and any other damages to which Plaintiff employees are entitled.

## COUNT III - COMMON LAW RETALIATORY DISCHARGE

45. Plaintiffs were terminated in violation of Tennessee's retaliatory discharge theory, which Tennessee courts have determined prohibits any employer from discharging an at-will employee because they attempted to exercise a statutory or constitutional right.

46. Plaintiffs were at-will employees of Defendant.

47. Both Plaintiffs were discharged.

48. Plaintiffs were discharged because they attempted to exercise a statutory or constitutional right.

49. A substantial factor in Nashville Limo's decision to discharge Plaintiffs was their exercise of those protected rights.

50. Nashville Limo is liable to Plaintiffs for retaliatory discharge and any other damages to which Plaintiff employees are entitled.

## COUNT IV - COLLECTIVE ACTION

51. Due to Defendants' violation of the FLSA and pursuant to 29 U.S.C. § 216(b), Plaintiff brings this litigation individually as an employee and on behalf of other employees similarly situated.

52. Plaintiffs, by the Complaint, respectfully request this Honorable Court find that this action can proceed as a collective action pursuant to 29 U.S.C. § 216(b). Further, Plaintiffs request this Honorable Court approve appropriate notice to be sent to all similarly situated individuals to fully apprise them of their rights under this action.

WHEREFORE, premises considered, Plaintiffs pray for the Court to find:

(a) The Plaintiff is authorized to and can provide notice to all similarly situated individuals;

(b) that other similarly situated past and/or present employees of Nashville Limo be given the opportunity to join in this lawsuit as party Plaintiffs by filing written Consents pursuant to 29 U.S.C. § 216(b);

(c) that Plaintiffs and each other employee who chooses to join in this action be awarded damages for all unpaid back wages and overtime pursuant to 29 U.S.C. § 216(b);

(d) that Plaintiffs and each other employee who chooses to join in this action be awarded liquidated damages in an amount equal to the unpaid minimum wages and overtime, as well as liquidated damages as a remedy for the unlawful retaliation exercised against the Plaintiffs in violation of the FLSA, pursuant to 29 U.S.C. § 216(b).;

(e) that Plaintiffs and each other employee who chooses to join in this action be awarded reasonable attorney fees and all costs and expenses incurred in the prosecution of this action as allowed by the FLSA, pursuant to 29 U.S.C. § 216(b);

(f) that Plaintiffs and each other employee who chooses to join in this action be awarded pre-judgment interest;

(g) that Plaintiffs and each other employee who chooses to join in this action be awarded such other, further, general and/or equitable relief to which Plaintiff may be entitled; and

(h) for trial by jury on all claims asserted herein.

Respectfully submitted,

**BLACKBURN, MCCUNE,
HAPPELL & ZENNER, PLLC**

/s/
W. GARY BLACKBURN (#3484)
JOHN RAY CLEMMONS (#25907)
JESSICA M. DUMITRU (#28695)
101 Lea Avenue
Nashville, TN 37210
Telephone: (615) 254-7770
Facsimile: (615) 251-1385
Email:
Attorneys for Plaintiffs