IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

DAVID COATS, et al.          )
                             )
v.                           ) NO. 3-10-0759
                             ) JUDGE CAMPBELL
NASHVILLE LIMO BUS, LLC, et al.  )

MEMORANDUM

Pending before the Court is Plaintiffs' Motion for Conditional Class Certification and for Court Supervised Notice to Class Members (Docket No. 32). For the reasons stated herein, Plaintiffs' Motion is GRANTED.

FACTS

Plaintiffs filed this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.* Plaintiffs allege that Defendant Nashville Limo Bus, LLC and its owners engage in the business of transporting automobiles for car dealerships and automobile wholesalers. Plaintiffs assert that they were formerly employed as drivers for Defendants. Plaintiffs contend that Defendants classify their drivers, such as Plaintiffs and all similarly situated persons, as independent contractors, rather than employees, in violation of the FLSA. Plaintiffs allege that Defendants willfully failed to pay Plaintiffs, as employees, appropriate taxes, wages and overtime. Plaintiffs also aver that Defendants wrongfully discharged Plaintiffs in retaliation for asserting their statutory rights under the FLSA.[1]

---

[1] Plaintiffs allege state law causes of action under the Tennessee Whistleblower Act and Tennessee's common law for retaliatory discharge.

Plaintiffs ask the Court to conditionally certify this action as a "collective action" under the FLSA and to supervise notice to "all those similarly situated drivers who were improperly classified and treated as 'independent contractors' for tax purposes to benefit Defendants and from whom Defendants withheld appropriate hourly and overtime wages."

Defendants oppose Plaintiffs' Motion and argue that Plaintiffs have no support for their claim for damages, having been unable or unwilling during discovery to show how they were damaged, and therefore cannot represent similarly situated persons in a collective action.

## CONDITIONAL CERTIFICATION

The FLSA provides that a collective action may be maintained against any employer by any one or more employees for and in behalf of themselves and other employees similarly situated. 29 U.S.C. § 216(b).[2] Once a collective action is certified, employees seeking to join the class must affirmatively opt into the litigation by filing a written consent with the court. *Id*.

The court must first consider whether the plaintiffs have shown that the employees to be notified are, in fact, similarly situated. If the plaintiffs meet this burden, then the court may use its discretion to authorize notification of similarly situated employees to allow them to opt into the lawsuit. *Wlotkowski v. Michigan Bell Telephone Co.*, 267 F.R.D. 213, 217 (E.D. Mich. 2010). Courts generally use a two-phase inquiry to determine whether the lead plaintiffs and the opt-in plaintiffs are similarly situated. *Id*.; *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 546 (6th Cir. 2006). The first stage of the certification takes place early in the litigation, at the beginning of

---

[2] Because the statute only requires that employees be similarly situated, plaintiffs seeking to certify a collective action under the FLSA face a lower burden than those seeking to certify a class action under Fed. R. Civ. P. 23. *Benson v. Asurion Corp.*, 2010 WL 4922704 at * 2 (M.D. Tenn. Nov. 29, 2010).

2

discovery. The second occurs after all of the opt-in forms have been received and discovery has concluded. *Id*.

At this first stage, the plaintiffs bear the burden of showing that the other employees are similarly situated. At that point, the certification is conditional and by no means final. *Comer*, 454 F.3d at 546-67. The plaintiffs must show only that their position is similar, not identical, to the positions held by the putative class members. *Id*. In *Comer*, the court noted that conditional certification need only be based on a modest factual showing and that the court should use a fairly lenient standard that typically results in certification. *Id*.[3]

To be considered similarly situated, it is sufficient if the plaintiffs' claims are unified by common theories of the defendant's statutory violations, even if the proofs of those theories are inevitably individualized and distinct. *Wlotkowski*, 267 F.R.D. at 217. Accordingly, district courts generally allow the lead plaintiffs to show that the potential claimants are similarly situated by demonstrating that they and the potential plaintiffs together were the victims of a common policy or plan that violated the law. *Id*. The first stage is fairly lenient, and the court does not resolve factual disputes, decided substantive issues going to the ultimate merits, or make credibility determinations. *Id*.

Here, Plaintiffs have alleged that Defendants improperly classify all their drivers as independent contractors, for whom 1099 tax forms are given, rather than as employees. Plaintiffs contend that Defendants fail to pay these drivers appropriate taxes, wages and overtime. The Court

---

[3] At the second stage, following discovery, the Court must examine more closely the question of whether particular members of the class are, in fact, similarly situated. *Comer*, 454 F.3d at 546.

finds that Plaintiffs have sufficiently alleged that they and the potential class members were subject to a common policy or plan that violated the law.

Accordingly, the Court finds that Plaintiffs have provided the "modest factual showing" required for conditional certification of the Plaintiffs' proposed class. Plaintiffs' Motion for Conditional Certification is GRANTED, and the Court will conditionally certify a collective action for a class consisting of all those similarly situated drivers who were improperly classified and treated as independent contractors for tax purposes and from whom Defendants withheld appropriate hourly and overtime wages.

## NOTICE

Plaintiffs are directed to file with the Court, on or before February 15, 2011, a proposed notice and a proposed consent form. Defendants will be permitted to file comments on the proposed forms by February 28, 2011, and Plaintiffs may file a Reply by March 15, 2011. The Court will review the submissions and set a deadline for filing consent forms with the Court when it issues the Court-authorized notice and consent forms. The parties shall address, in their filings concerning the proposed notice and consent form, any time limitations required by the applicable statute of limitations.

IT IS SO ORDERED.

                                                           _____
                                                           TODD J. CAMPBELL
                                                           UNITED STATES DISTRICT JUDGE